**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2041
_____

AARON TROY HOPE,
                              Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. 089-415-895)
Immigration Judge: Alice Song Hartye

Submitted Under Third Circuit L.A.R. 34.1(a):
March 17, 2022
_____

Before: JORDAN, KRAUSE, and PORTER,
*Circuit Judges*.

(Filed: March 18, 2022)

_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

PORTER, *Circuit Judge*.

Aaron Troy Hope, a citizen of Trinidad and Tobago, petitions for review of a Board of Immigration Appeals ("BIA") decision affirming his order of removal. We will deny his petition for review.

I

Hope is a permanent resident. He is 34 years old. In 2013, he was twice convicted of identity theft under New York state law. He was convicted once more four years later, this time of conspiracy to present counterfeit postal money orders. 18 U.S.C. § 500. The Department of Homeland Security sought to remove Hope to Trinidad based on, among other things, having two or more convictions for crimes of moral turpitude. 8 U.S.C. § 1227(a)(2)(A)(ii). Hope asserted that the Immigration Judge ("IJ") could not consider his 2013 state convictions for identity theft because they had been at issue in a prior cancellation of removal proceeding. But Hope was unsure this was accurate, and, in any event, he failed to present supporting evidence. In the alternative, Hope sought relief under the Convention Against Torture ("CAT"), testifying that if removed he would likely be tortured and killed by his father, a police officer in Trinidad who abused him as a child.

The IJ concluded Hope was removable based on his two New York convictions, which the IJ concluded were crimes of moral turpitude. The IJ also concluded that Hope was not eligible for CAT relief because he had not shown a likelihood of future torture or that his father was acting under color of law.

2

The BIA affirmed. The BIA upheld the IJ's conclusion that Hope has two or more convictions for crimes of moral turpitude, as Hope had not "meaningfully contested" that finding on appeal and so had forfeited any objections to it. A.R. 4. The BIA also upheld the IJ's denial of CAT relief, agreeing that Hope had failed to show a likelihood of future torture.

## II[1]

Hope first argues that his 2013 convictions may not be counted as crimes of moral turpitude because they had been at issue in a prior proceeding. Hope concedes he failed to raise this issue before the BIA. The record confirms that. We lack jurisdiction over issues not raised before the BIA, so we will not review this forfeited argument. *See Abdulrahman v. Ashcroft*, 330 F.3d 587, 594–95 (3d Cir. 2003).

Hope next argues that the IJ erred by denying CAT relief. To get CAT relief, Hope had to show he would likely be tortured if removed to Trinidad. 8 C.F.R. § 1208.16(c)(2). The IJ's prediction of future events is a factual finding. *See Galeas Figueroa v. Att'y Gen.*, 998 F.3d 77, 92 (3d Cir. 2021); *Kaplun v. Att'y Gen.*, 602 F.3d 260, 271 (3d Cir. 2010). "The standard of review is the substantial-evidence standard: The agency's 'findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" *Nasrallah v. Barr*, 140 S. Ct. 1683, 1692 (2020) (quoting 8 U.S.C. § 1252(b)(4)(B)). This standard is "highly deferential." *Id.*

---

[1] We have jurisdiction over the petition under 8 U.S.C. § 1252(a)(1).

In this case, the IJ made a reasonable predictive judgment. The IJ weighed "all the evidence in its entirety" and found that Hope failed to show a likelihood of future abuse by his father with the consent of police. A.R. 91. The IJ found that Hope has not heard from his father since he was a nine-year-old child, and that Trinidad's police investigated police misconduct and would not acquiesce in violent attacks by his father. Hope does not dispute he has had no contact with his father since he was a child, and the IJ's conclusion that Trinidad's police would investigate his father for abuse is supported by country condition reports. Other countervailing evidence in the record may justify a different predictive judgment, but that judgment was for the IJ to make. The IJ made a reasonable predictive judgment based on substantial evidence, so we will uphold it.

\*     \*     \*

We will deny the petition for review.